IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Maurice Wyman Scott, | ) | C/A No.: 3:15-1230-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Verizon Wireless, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Maurice Wyman Scott ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action, alleging federal and state law claims against Verizon Wireless ("Defendant"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff asserts claims for defamation, libel, slander, unlawful imprisonment, and violations of his Fifth Amendment rights. [ECF No. 1 at 5]. Plaintiff argues that Defendant caused his criminal conviction by offering false testimony, evidence, and documents to the United States Attorney. *Id.* at 3.[1] Specifically, Plaintiff states that

---

[1] On September 3, 2009, Plaintiff pled guilty to conspiracy to use unauthorized access devices. *See United States v. Scott ("Scott I")*, 09-CR-963-MBS-1 (May 26, 2011), ECF Nos. 10, 11. Plaintiff was sentenced on May 26, 2011, to three years' probation and ordered to pay Verizon Corporate Security restitution in the amount of $91,054.37. *Scott*

Defendant misrepresented to the government prosecutor "an amount of $117,054.37 in total losses for fraudulent cell phone accounts." *Id.*

Plaintiff alleges that Defendant also misrepresented to the prosecutor "a debt carried over from the sale of Alltel Wireless [when] sales documents [] deny such assumption of Alltel wireless service debts." *Id.* Plaintiff argues that prior to the sale, Alltel sold all bad debt business to a collection agency and "subsequently provided that such debt only existed in the amount of $100.00, not $96,000.00." *Id.* at 4. Plaintiff states that Defendant received unauthorized payments from restitution that was not owed. *Id.* Plaintiff alleges that Defendant violated his Fifth Amendment rights because "its case as designated against [Plaintiff] was dismissed in state court without further action, and that such fraudulent action was done purposefully since the state court didn't prosecute with what Verizon thought was significant." *Id.* Plaintiff seeks monetary damages. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

---

*I,* ECF No. 46. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

28 U..C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

1.  Claims Pursuant to 42 U.S.C. § 1983

Liberally-construed, Plaintiff's complaint makes claims pursuant to 42 U.S.C. § 1983, as he alleges unlawful imprisonment and a violation of his Fifth Amendment rights. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.

*West v. Atkins*, 487 U.S. 42, 48 (1988). Because Plaintiff provides no facts to demonstrate that Defendant is a state actor, he fails to allege sufficient facts to support a § 1983 claim against Defendant. Because purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983, Plaintiff's § 1983 claims against Defendant are subject to summary dismissal. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *see also Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).[2]

### 2. State Law Claims

To the extent Plaintiff seeks to bring state law defamation, slander, and libel claims against Defendant, he must satisfy the requirements of the diversity statute, 28 U.S.C. § 1332, which provides for original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Plaintiff provides no information in his complaint about the citizenship of Defendant. He does not allege the state in which Defendant is incorporated, nor does he provide the state where Defendant has its principal place of business. *See* ECF No. 1. Because Plaintiff has not alleged facts

---

[2] Further, a private witness in court proceedings cannot be sued for damages under § 1983 because the statute "did not abrogate the absolute immunity existing at common law" for liability for allegedly defamatory statements made during judicial proceedings. *Briscoe v. LaHue*, 460 U.S. 325, 327–34 (1983); *see also Brice v. Nkaru*, 220 F.3d 233, 239 n. 6 (4th Cir. 2000).

demonstrating diversity jurisdiction, the court is without jurisdiction to consider Plaintiff's state law claims. *See Skeens v. Alpha Natural Resources, Inc*., 588 F. App'x. 200, 201 (4th Cir. 2014) (holding that Plaintiff bears the burden of proving the existence of subject matter jurisdiction).[3]

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

March 30, 2015                                              Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] Even if Plaintiff established diversity jurisdiction, his defamation, libel, and slander claims would be subject to summary dismissal. South Carolina courts also recognize the common law absolute privilege that protects statements by judges, parties, and witnesses arising out of, or having any relation to, a judicial proceeding. *Pond Place Partners, Inc. v. Poole*, 567 S.E.2d 881, 892–93 (S.C. Ct. App. 2002). Because Plaintiff's defamation, libel, and slander claims are based solely on statements made to the United States Attorney during Plaintiff's criminal prosecution in *Scott I*, these statements are absolutely privileged.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).