IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Maurice Wyman Scott,  )<br> )<br> )<br>    Plaintiff,   )<br> )<br>v.  )<br> )<br>Verizon Wireless,   )<br> )<br>    Defendant.   )<br>_____ ) | C/A NO. 3:15-1230-CMC-SVH<br><br>**OPINION and ORDER** |

This matter is before the court on Plaintiff's *pro se* complaint asserting federal and state law claims against Defendant.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On March 30, 2015, the Magistrate Judge issued a Report recommending that the matter be dismissed without prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on April 20, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The court has conducted a *de novo* review of the record, the applicable law, the Report and

Recommendation of the Magistrate Judge, and Plaintiff's objections. The court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff offers insufficient evidence or argument to establish that Defendant was, at the time of the alleged events, operating under color of state law. Plaintiff contends that he "could have inferred prosecutorial misconduct," Obj. at ¶ 4, ECF No. 14, obliquely attempting to tie Defendant's alleged actions to that of a governmental agency. Plaintiff's contention is without merit. Accordingly, Plaintiff's claims under 42 U.S.C. § 1983 are dismissed without prejudice.

As to Plaintiff's state law claims, Plaintiff maintains that Defendant is incorporated in Delaware. Obj. at ¶ 7, ECF No. 14. However, as noted by the Report, even if Plaintiff were able to adequately plead diversity of citizenship, South Carolina courts recognize the common law absolute privilege that protects statements by judges, parties, and witnesses arising out of, or having any relation to, a judicial proceeding. *See Pond Place Partners, Inc. v. Poole*, S.E.2d 881, 892-93 (S.C. Ct. App. 2002). Accordingly, Plaintiff's state law claims are dismissed without prejudice.

This action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

> s/ Cameron McGowan Currie
> CAMERON MCGOWAN CURRIE
> SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

April 22, 2015

2